**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENNETH R. GRIFFIN, | ) Case No. CV 14-7314-DMG (JPR) |
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND ) RECOMMENDATIONS OF U.S. ) MAGISTRATE JUDGE |
| RONALD DAVIS, Warden, | ) |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed *de novo* the First Amended Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. On July 5, 2016, Petitioner filed Objections to the R&R, in which he mostly reargues the merits of the Petition and Traverse. He also attempts to raise two brand-new claims: (1) the errors allegedly committed by his trial counsel, including one he has not previously raised, counsel's alleged failure to "conduct basic investigation," cumulatively prejudiced him (see Objections at 11-22) and (2) the prosecutor committed misconduct in violation of the Constitution (see id. at 25, 27-30). Even if the Court theoretically has discretion to consider a habeas claim raised

1

for the first time in objections to an R&R, see <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1208 (9th Cir. 2012) (court must exercise discretion in refusing to consider new arguments raised in objections to magistrate judge's report and recommendation), Petitioner's new claims have not been exhausted in state court and therefore are not appropriate for review, see <u>Marquez-Ortiz v. Sullivan</u>, No. SACV 08-552 ABC (FFM), 2012 WL 294741, at *1 (C.D. Cal. Feb. 1, 2012) (declining to consider habeas petitioner's additional claims raised for first time in objections to report and recommendation because not exhausted in state court).[1]

Having reviewed *de novo* those portions of the R&R to which objections were filed, the Court accepts the findings and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that the First Amended Petition is denied and Judgment be entered dismissing this action with prejudice.

DATED: April 28, 2017

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner has not requested a stay to allow him to return to state court to exhaust the new claims. But even if he had, no stay would be warranted. Petitioner has offered no explanation for why he could not have exhausted these claims — the facts of which appear to have been known to him since trial — when the Court earlier stayed the petition to allow him to exhaust grounds one and two. Further, the claims are on their face untimely.

2